## Castor *against* Bavington.

The defendant cannot cross-examine the plaintiff's witnesses to matter entirely new, in order to introduce his defence untrammelled by the rules of a direct examination.

ERROR to the Common Pleas for the city and county of *Philadelphia.*

On the trial, the counsel for Bavington, the plaintiff, opened his case by stating that Bavington claimed the price of certain trees and logs sold by him to Castor, the defendant, upon which, after admitting a credit of $15.18, he claimed a balance, amounting with interest to $93; and then called a witness, who testified, " I was one of the arbitrators between the parties while this suit was before the justice. While before us the plaintiff was about going into proof when the defendant stepped forward and admitted the bill to be correct as to the articles sold and prices to be paid, but wrong as to the mode of measurement resorted to by plaintiff to find the quantity in cord measure; the plaintiff claiming to use one-third of the mean circumference for a diameter, and the defendant one-quarter of the same. I can't say this bill now shown me is the same that was before us, but think it was."

On a cross-examination by the defendant, the witness testified. " This took place as much as five or six years ago; I saw the logs, General Castor requested us to see them."

The defendant then asked the witness " if the quality of said logs, or some of them, was not defective ?"

The plaintiff objected to this question, and the court overruled it and decided " that the defendant. should not on a cross-examination of the witnesses of the plaintiff, examine them as to facts which would amount to a defence in whole or in part to the plaintiff's claim; but that the defendant should open his case, and he might then call the plaintiff's witnesses and examine them as to said facts, if he thought fit so to do."

The defendant excepted to the opinion of the court.

Errors assigned :

1. The judge erred in refusing permission to the defendant to cross-examine the witnesses of the plaintiff as to matters amounting in whole or in part to a defence.

2. In deciding that the defendant should not ask questions of witnesses called by the plaintiff as to matters amounting in whole or in part to a defence, until the defendant should have opened his

[Castor v. Bavington.]

case, when he might, if he thought proper, call upon such witnesses to testify as to such matters of defence, and not until then.

*J. A. Phillips* and *Ingraham,* for plaintiff in error.
*Hare, contra.*

PER CURIAM.—It is impossible to distinguish the principle of this case from that of *Ellmaker* v. *Buckley,* in which it was ruled that a party shall not introduce his case to the jury through a cross-examination of his adversary's witnesses. Here the attempt was plainly to cross-examine to matter entirely new, with a view, not to test the truth of the witness as to what he had said—the legitimate end of a cross-examination—but to lay his defence before the jury untrammelled by the rules of a direct examination; and this certainly cannot be done. The questions were, therefore, properly suppressed.

Judgment affirmed.